Dear Mr. Romano:
Your request for an opinion of this office has been assigned to me for research and reply. According to your request, when public works assistance is needed by various municipalities in Avoyelles Parish, the Avoyelles Parish Police Jury ("police jury") enters into an intergovernmental agreement with the municipality needing assistance. The agreement typically states that any costs incurred by the police jury for the requested public works project can be charged back to the municipality. Recently, the police jury has been requested to assist municipalities in drainage projects that are of benefit to both the municipality as well as the police jury. In some cases, if the drainage projects are not addressed, you state that the result could be the loss of private and public property.
Based on these facts, you ask whether the police jury can waive the requirement that the municipality reimburse the police jury for the costs associated with the project in situations where the public works support the police jury is providing is mutually beneficial to the parish and the municipality. If the answer to that question is "no," you ask whether the municipality can make an in-kind contribution of supplies and/or resources to satisfy its obligation in the intergovernmental agreement to reimburse the police jury for the costs associated with the project. *Page 2 
The Local Services Law, specifically La.R.S. 33:1324, authorizes parishes and municipalities to act jointly for public projects when at least one of the parties to the agreement is authorized by law to undertake the activities needed to accomplish the project. It provides, in pertinent part, as follows:
 Any parish, municipality or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement, and such agreements may include but are not limited to activities concerning:
 * * * (3) Sewers, drains and garbage and other refuse collection and disposal.
 (4) The construction or acquisition or improvement, and operation, repair and maintenance of public projects or improvements, whether or not rentals or other charges are fixed and collected for the use thereof, including but not being limited to roads, bridges, tunnels, causeways, ferries and other highway facilities, water systems, electric systems, sewer systems, drainage systems, incinerators and garbage collections and disposal systems, and public transportation systems. (Emphasis added).
Police juries have the requisite authority to engage in drainage projects pursuant to La.R.S. 33:1236(13), which provides the following:
 The police juries and other parish governing authorities shall have the following powers:
 (13) To construct and maintain drainage, drainage ditches, and drainage canals; to open any and all drains which they may deem necessary and to do and perform all work in connection therewith; to cut and open new drains, ditches and canals. . .to allocate, use and expend the general alimony of the parish for any of the above purposes. . .and to construct any works and do any and all things necessary to effect proper drainage and carry this Paragraph into effect; . . . Police juries shall open all natural drains which they deem necessary in their respective parishes and shall perform all work connected therewith, which they may deem necessary to make the *Page 3 
opening of natural drains effective. They may perform all other acts necessary to fully drain all the land in their respective parishes and maintain such drainage when established. This Paragraph is intended to furnish additional means whereby parishes in the State of Louisiana may accomplish the objects and purposes herein referred to, and shall be liberally interpreted.
La.R.S. 33:1236(2)(c) provides further authorization for police juries to cooperate with municipalities to jointly provide drainage services throughout the parish. The provision provides:
 (c) The police juries may, upon request of the governing authority of any incorporated municipality, perform all or any part of the repair, maintenance and care of roads, streets, alleys, bridges and culverts and other drainage facilities, situated within and under the jurisdiction of such incorporated municipality, and may expend for such purposes any funds made available to them for road purposes. . . .
Both subsections of La.R.S. 33:1236 cited above provide the police jury with the necessary authority to enter into intergovernmental agreements with various municipalities to perform drainage work.
Any time the police jury enters into an intergovernmental agreement with a municipality, it has an obligation (as does the municipality) to ensure that the agreement complies with Article VII, Section 14(A) of the Constitution. This constitutional provision prohibits public funds or property being gratuitously alienated. Board of Directors of the IndustrialDevelopment Board of the City of Gonzales, Louisiana, Inc. v. AllTaxpayers, Property Owners, Citizens of the City of Gonzales,et al., 2005-2298 (La. 9/6/06), 938 So.2d 11, 20 (the "Cabela's" case). In order to ensure that the agreement does not violate La.Const, art. VII, Sec. 14(A), our office has consistently opined that a public entity spending the funds must have the legal authority to so do and must be able to show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
The agreements referenced in your request provide that the police jury will perform work or provide materials to complete a project at the municipality's request and, in exchange, the municipality will reimburse the police jury for the costs associated with the project. La.R.S. 33:1236(2)(c) permits a police jury to perform repair and maintenance of drainage facilities at the request of a municipality and to "expend for such purposes any funds made available to them *Page 4 
for road purposes." We would advise you that the police jury must be sure that it receives equivalent value for the funds it spends, which means that the benefit of the project to the police jury/parish must correspond with the amount of the project that is paid for with police jury funds. See La. Atty. Gen. Op. No. 1944-46, p. 726 (stating that "[a] police jury may do work for a municipality or may have the work done under the supervision of the municipality, but any outright donation of funds or property of police jury to the municipality is prohibited by law.); see also La. Atty. Gen. Op. Jan. 22, 1974 (stating that [p]olice jury and department of public works have the authority to enter into a contract with each other to effect the performance by the police jury of drainage projects and any amount of reimbursement revoked by police jury from department of public works may be determined by the parties through negotiation.). This should not be interpreted to say that the cost of a drainage project undertaken via intergovernmental agreement must always be evenly split by the parish and the municipality. In situations where the project benefits the parish to a larger extent than the municipality, more of the cost of the project should be borne by the parish. However, the extent and proportion to which a project will benefit the parish or a municipality are factual determinations our office cannot make. Rather, they must be made on a case by case basis by the parties to the intergovernmental agreement.
In response to your question regarding whether a municipality can make an in kind contribution of supplies, resources, and/or labor to satisfy its obligation in the intergovernmental agreement to reimburse the police jury for the costs associated with the project, the answer is "yes," unless the intergovernmental agreement governing the particular project states otherwise. TheCabela's test discussed above places a strong emphasis on the reciprocal obligations of the parties. There is no requirement that those obligations be paid in cash; only that they be of corresponding value. If one party contributes materials and/or labor to a project instead of cash, those are both things of value which can be quantified and included in the calculation made to determine whether the police jury is receiving equivalent value for the public funds it spends.
Accordingly, it is the opinion of this office that the police jury must ensure that it receives equivalent value for the funds it spends, which means that the benefit of the project to the police jury/parish must correspond with the amount of the project that is paid for with police jury funds. The police jury may not waive reimbursement from a municipality for the amount of a project that should be paid for by the municipality as doing so would amount to a gratuitous donation of public funds in violation of La.Const. art. VII, Sec. 14(A). We further opine that, unless prohibited by the intergovernmental agreement governing the transaction, a municipality may make an in kind contribution of supplies or labor to count towards satisfying the municipality's obligation to reimburse the police jury for the costs associated with the project. *Page 5 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By:_________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/chb